# Birkbeck *v.* Wadsworth, Appellant.

*Will—Devise—Life estate or fee—"Held in reserve."*
Where a testator directs that all his real estate shall be converted into cash, with the exception of a property specifically described, "which shall be held in reserve for my widow," the widow takes an estate in fee in the property reserved to her, in the absence of any devise over, or of anything showing a contrary intent.

Argued April 14, 1908. Appeal, No. 334, Jan. T., 1907, by defendant, from judgment of C. P. Luzerne Co., May T., 1905, No. 430, for plaintiff on case stated in suit of Mary Birkbeck v. Eleanor Wadsworth. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate.

From the case stated it appeared that the plaintiff, who was the widow of Joseph Birkbeck, claimed title to the property in question, at the corner of Dana and Grove streets in the city of Wilkes-Barre, under a clause in her husband's will which was as follows :

" It is my desire that all bonds and stock shall be taken at their face value and all real estate shall be converted into cash, with the exception of the property at the corner of Dana and Grove streets, which shall be held in reserve for my widow together with all household utensils, except piano and music which I desire to be set apart for my step-daughter for her sole and separate use."

The court, in an opinion by FERRIS, J., held that the widow took a title in fee, and entered judgment in favor of the plaintiff for $8,000.   Defendant appealed.

*Error assigned* was entry of judgment for plaintiff on case stated.

*S. J. Strauss,* for appellant.

*George R. Redford,* with him *Lawrence B. Jones,* for appellee.

*H. W. Palmer* and *C. O. Stroh,* for the heirs of Joseph Birkbeck, deceased.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 23, 1908:

If the testator had devised the house to his wife and then directed the conversion of all the rest of his real estate, there would have been no doubt, and yet the meaning is clearly the same.   What he said was that the real estate should be converted into cash with the exception of the property at Dana and Grove streets, which should be " held in reserve for his widow."   The expression, " held in reserve," is not apt, nor in itself entirely clear, but the testator certainly meant the house was not to be converted.   His wife was to have it, and the expression, " held in reserve," must be taken as equivalent to what he said about the piano for his daughter, that it was to be " set apart " for her.   It being clear, therefore, that he meant the house to go to his wife in the first instance, the statutory presumption is that his entire estate in it passed to her. There is no devise over or anything showing contrary intent.

Judgment affirmed.